# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Karen C. Gray, | ) |
| Plaintiff, | ) |
| | ) C.A. No. 0:08-cv-3910-PMD |
| v. | ) |
| | ) |
| Michael J. Astrue, Commissioner, | ) **ORDER** |
| Social Security Administration, | ) |
| Defendant. | ) |

This matter is before the Court upon Plaintiff's Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). Defendant contests the awarding of such fees, claiming that the Government's position in this case was substantially justified. For the foregoing reasons, Plaintiff's motion is granted.

## BACKGROUND

On August 31, 2004, Plaintiff filed an application for disability insurance benefits ("DIB") in accordance with Title II of the Social Security Act. Plaintiff alleged disability since February 1, 2003 as a result of alcoholism, drug addiction, depression, and bipolar disorder. On February 6, 2007, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled and issued a decision denying Plaintiff DIB. Using the five-step sequential evaluation required by 20 C.F.R. § 404.1520(a)(4), the ALJ found that Plaintiff had depression and chronic cervical back pain, which both constituted severe impairments. However, the ALJ found that Plaintiff did not exhibit any impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. pt.404, subpt. P, app. 1 (the Listings). After evaluating Plaintiff's residual functional capacity and vocational expert testimony, the ALJ found that Plaintiff could perform a significant

number of jobs in the national economy, including unskilled, light, and sedentary jobs such as surveillance monitor, weight tester, table worker/inspector, grader, and assembler.

Plaintiff brought this action on December 1, 2008, to obtain judicial review of the ALJ's Decision denying her claim for disability insurance benefits. On November 17, 2009, a United States Magistrate Judge issued a report recommending that Plaintiff's case be remanded for further administrative proceedings. On December 7, 2009, the Court adopted the Magistrate Judge's Report and Recommendation ("R&R"). The Magistrate Judge recommended a remand order because he found that the ALJ failed to properly explain his finding that Plaintiff did not have an impairment or combination of impairments that met or equaled one in the Listing, and also that the ALJ failed to properly evaluate the severity of the Plaintiff's bipolar disorder. On December 28, 2009, Plaintiff filed a Motion for Attorney's Fees under the EAJA seeking $5,033.34 in fees for 30.8 hours of work at the rate of $163.42 per hour.

On January 14, 2010, Defendant filed a Response to Plaintiff's Motion for Attorney's Fees, in which he objected to Plaintiff's request for an award of attorney's fees under the EAJA because the Government's position was substantially justified.

## **STANDARD OF REVIEW**

A party who prevails in litigation against the United States is entitled to EAJA attorney fees, as well as the costs and expenses of litigation, upon timely petition for them if the Government's position was not "substantially justified" and no special circumstances make an award unjust. *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir. 1991). This case turns entirely on the "substantial justification" question.

The Government bears the burden of proving that its position was substantially justified, thus

precluding an award of attorney fees and costs under the Equal Access to Justice Act. *See Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). In order to meet its burden of showing that its position before the District Court was "substantially justified," the Government has the burden of establishing that its case has a reasonable basis in law and in fact, that is, justified to a degree that could satisfy a reasonable person or justified in substance or in the main. *Id.* (holding that the Government's position must be substantially justified in both fact and law; favorable facts will not rescue the Government from a substantially unjustified position on the law, and accurate recital of law cannot excuse a substantially unjustified position on the facts).

To be substantially justified means more than merely undeserving of sanctions for frivolousness. *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). However, a position can be justified even though it is not correct and can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact. *Id.*

The Government's burden of showing substantial justification is a strong one and is not met merely because the Government produces "some evidence" in support of its position. *Petrella v. Sec. of Health and Human Servs.*, 654 F. Supp. 174, 177 (M.D. Pa. 1987). The Government's position must be evaluated in light of the standards in existence when the decision was rendered. *Id.* Where the Government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified. *Randolph v. Sullivan*, 738 F.Supp. 305, 306 (C.D. Ill. 1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the Government's position was frivolous. *Sierra Club v. Sec. of Army*, 820 F.2d 513, 518 (1st Cir. 1987).

**ANALYSIS**

Defendant objects to Plaintiff's request for attorney's fees for her attorney, Beatrice E. Whitten. Defendant contends that Plaintiff should not be compensated for the time spent by Ms. Whitten because the Government's position in this case was substantially justified. For the foregoing reasons, the Court finds that the Government was not substantially justified and grants the Plaintiff's motion.

The EAJA provides a mechanism for a plaintiff to recover her attorney's fees when the plaintiff prevails in a lawsuit against the United States Government. 28 U.S.C. § 2412(d)(1)(A). The statute specifically provides that the Court shall award these costs if: (1) the claimant is a "prevailing party"; (2) the Government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely files a petition supported by an itemized statement. *Id.* The Court finds that all of the above conditions are met in this case and grants Plaintiff's request for attorney's fees.

The Court agrees with the Commissioner that the standard for determining whether the Government's position was substantially justified is not equivalent to the substantial evidence standard required by the Social Security Act. (Objection p. 2.) The Court acknowledges the Commissioner's argument that "the reversal of an agency [decision] for lack of substantial evidence does not raise a presumption that the agency was not substantially justified." *Id. (citing Pullen v. Bowen*, 820 F.2d 105, 108 (4th Cir. 1987)). The Court also acknowledges the Commissioner's position that "it would be a war with life's realities to reason that the position of every loser in a lawsuit upon final conclusion was unjustified." (Objection p. 2) (*citing Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991)). However, using the two pronged approach in *Thompson,* the Court finds

that attorney's fees should be awarded in this case despite adopting the standard that the Commissioner proposes. *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992).

The first requirement in *Thompson* is that the Government's position be substantially justified on the *facts*. *Id.* The Court acknowledges, as an initial matter, that the adoption of the Magistrate Judge's R&R on December 7, 2009, did not constitute a finding that the ALJ was incorrect in ruling that Plaintiff was not disabled. Instead, the remand order was based on the fact that the ALJ, at least in the written opinion on the matter, committed procedural errors in determining that Plaintiff was not disabled. Specifically, the Court remanded the case because the ALJ failed to consider Plaintiff's impairments in combination and he failed to adequately consider the severity of the Plaintiff's bipolar disorder.

Considering the procedural issue involving the severity of Plaintiff's bipolar disorder, the Court finds that there was evidence in the record that could have led a reasonable person to believe that Plaintiff was not, in fact, completely disabled. As the Commissioner indicates in his Objection, an impairment is not considered severe when it does not significantly limit a claimant's physical or mental ability to do basic work activities. (Objection p. 5) (*citing* 20 C.F.R. § 404.1521(a)). Here, the medical evidence reveals that on August 4, 2005, while Plaintiff was diagnosed with bipolar affective disorder, she was fully oriented, able to attend to tasks, and was of average or above intelligence with only "mildly" impaired judgment and "grossly intact" memory. (Objection 5.) Throughout August of 2005, Plaintiff's records indicate that she was cooperative, pleasant, not depressed, and had full affect and coherent thought processes. *Id.* From August of 2005 until February 23, 2006, Plaintiff's records demonstrate a trend of coherent thought processes and a progressively lifted demeanor. This evidence could have led a reasonable person to believe that

Plaintiff was not significantly limited in her ability to do basic work activities. Accordingly, the Court finds that the ALJ's decision was substantially justified in fact.

The second requirement in *Thompson* is that the Government's position be substantially justified on the law. *Id.* Plaintiff contends that the Government's defense of the action taken at the administrative level cannot be substantially justified because the Commissioner failed to adhere to the administration's rules and regulations and Fourth Circuit precedent regarding the proper method by which an ALJ is to evaluate whether the claimant's impairments, *in combination,* render her disabled. (Pl.'s Mot. Mem. pp. 1-2.) The Court notes that the Fourth Circuit requires the Commissioner to consider the combined effects of a claimant's impairments rather than fragmentize them when evaluating whether those impairments meet a listed impairment for disability in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). The Commissioner recognizes this rule, but objects on the grounds that the ALJ's separate discussion of a claimant's impairments and the other evidence of record is sufficient to reveal that the ALJ has considered the claimant's impairments in combination. (Objection p. 4) (*citing Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992)). The Court agrees with the Plaintiff and notes that the Commissioner's Objection only references cases from other circuits as to the combination of impairments analysis rule. (Objection 2.)

The Court further agrees with the Plaintiff's argument that highlights the District of South Carolina cases that have indicated the importance of the ALJ providing an adequate explanation of the evaluation of the combined effects of the impairments. Moreover, as indicated in *Adams*, this District Court has found that an ALJ's failure to perform certain analyses, and to comply with applicable Social Security rulings and regulations, amounted to a lack of substantial justification,

6

and sustained a ruling for the payment of attorney fees under EAJA. *See Adams v. Barnhart,* 2006 U.S. Dist. LEXIS 92102 (D.S.C. July 25, 2006); *see also Randolph v. Sullivan* 738 F.Supp. 305, 306 (C.D.Ill. 1990) (finding that where the Government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified). The Court finds that this was a substantial error in analytical procedure, as the Magistrate noted in his R&R, to which the Government filed no objection and this court adopted in full. Thus the position of the Government was not substantially justified in a legal sense.

Because a substantially justified position must have a reasonable basis in both law *and* fact, the Court simply cannot find the Government's position substantially justified in light of the Government's failure to comply with certain applicable Social Security Rulings and Regulations and Fourth Circuit precedent.

With regard to the actual calculation of Plaintiff's fee award, Plaintiff's counsel has requested fees at the statutory rate of $125 an hour, plus a cost of living increase consistent with the South Urban Regional Consumer Price Index, for an adjusted rate of $163.42 an hour.[1] This hourly rate represents the increase in the cost of living since an amendment to the EAJA took effect on March 29, 1996. Plaintiff's counsel has itemized the 30.80 hours of total time spent researching and writing both the Memorandum of Law and the Reply Brief. The Defendant does not object to the specific amount requested by Plaintiff and does not claim that the amount is in any way

---

[1] Under the EAJA, "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Fourth Circuit has held that a general cost of living index, such as the United States Department of Labor's Consumer Price Index for all the urban consumers "all items" index ("CPI-U index"), is the appropriate measure by which to calculate a cost of living enhancement to a statutory fee. *See generally Sullivan v. Sullivan*, 958 F.2d 574 (4th Cir. 1992).

unreasonable under the circumstances. Accordingly, the Court finds that Plaintiff's requested amount is reasonable and represents a correct calculation of the amount due under the law.

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's attorney, Beatrice E. Whitten, be awarded five thousand and thirty three dollars and thirty four cents ($5,033.34) in attorney's fees and costs pursuant to 28 U.S.C. § 2412. **AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 25, 2010**
**Charleston, SC**